283 So.2d 808 (1973)
HISLOP PLUMBING COMPANY, INC., Plaintiff-Appellee,
v.
POGUE-ATKINS, INC., Defendant-Appellant.
No. 12136.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
*810 Madison, Files, Garrett, Brandon & Hamaker, by Charles L. Hamaker, Monroe, for defendant-appellant.
Hudson, Potts & Bernstein, by B. G. Iverson, Monroe, Jones, Blackwell, Chambliss, Hobbs & Henry, by Sam O. Henry, III, West Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
Hislop Plumbing Company, Inc., sued Pogue-Atkins, Inc., for $4,792.16, the amount of damages it allegedly sustained through the negligence of Pogue-Atkins in handling and returning some heavy equipment which plaintiff had leased to defendant.
Pogue-Atkins answered, denying any negligence on its part; alternatively, it seeks by third party demand against Everette Boyte, owner of the truck and trailer used to return the equipment, to be reimbursed for any amount it might be held liable to the original plaintiff. Boyte answered the third party demand of Pogue-Atkins, denying liability and alternatively, by third party demand, sought judgment against Bobby Caples. To this latter demand Caples answered denying liability and alleging he was an employee of Pogue-Atkins at the time of the incident involved in this action. By an amended answer to the third party demand Boyte plead the contributory negligence of Caples, the employee of Pogue-Atkins, and in a separate pleading Boyte reconvened against Pogue-Atkins and Caples, seeking $3500 as damages to his truck and trailer. To this last demand Pogue-Atkins filed an answer in the nature of a general denial.
Judgment in the amount of $4,750 was rendered in favor of Hislop against Pogue-Atkins for damages to the equipment; in favor of Boyte against Pogue-Atkins and Caples for $3500 as damages to the truck and trailer. Pogue-Atkins and Caples appealed. Neither Hislop nor Boyte has appealed or answered the appeal. We affirm the judgment.
In view of the rather complicated pleadings, we shall relate those facts which are necessary to a better understanding of the contentions of the parties.
Hislop Plumbing Company, Inc., leased to Pogue-Atkins, Inc., certain items of heavy equipment, including a backhoe and a trencher, at an agreed rental for each day the equipment was used. Pogue-Atkins was to be responsible for transporting the equipment from Hislop's place of business in West Monroe to the job site in Jonesboro and return.
When Pogue-Atkins finished the job at Jonesboro, Mr. Atkins instructed his employee Bobby Caples to make arrangements for hauling the equipment back to Hislop. Caples contacted Everette Boyte, d/b/a Ouachita Sodding and Seeding, and secured a truck-trailer and a driver from Boyte. The nature of this arrangement between Caples and Boyte, i. e., whether it was contractual or a gratuitous loan, constitutes one of the factual disputes in the case.
Caples and Thomas Patrick, the driver furnished by Boyte, loaded the equipment on the trailer. Patrick drove the truck and Caples followed in a pickup truck. En route to West Monroe, as Patrick was driving under a railroad overpass, the backhoe loaded on the trailer struck the overpass, causing damage to the backhoe, trencher, truck and trailer.
Pogue-Atkins and Caples specify the lower court erred in six particulars, which may be summarized:
(1) In finding that Caples, employee of Pogue-Atkins, was negligent and that this negligence either caused or contributed to the damage to the equipment belonging to Hislop, or to the truck-trailer belonging to Boyte.
*811 (2) In finding that Pogue-Atkins did not meet its burden of proof in connection with showing that the damage to the backhoe was not its fault, but the fault of another.
(3) In finding Patrick was the borrowed servant of Pogue-Atkins at the time of the accident.
(4) In concluding, if the damages were caused by the joint negligence of Caples and Patrick, that Boyte, as the general employer of Patrick, should be permitted to recover under the reconventional demand against Pogue-Atkins for the damage to Boyte's truck and trailer.
(5) In finding the amount awarded as damage to the truck and trailer was supported by competent evidence.
Since above specifications (1), (2) and (3) are so closely related we shall discuss them together. It is conceded that Pogue-Atkins' liability to Hislop is governed by Louisiana Civil Code Articles 2719, 2720 and 2721, providing:
Article 2719:
"If an inventory has been made of the premises in which the situation, at the time of the lease, has been stated, it shall be the duty of the lessee to deliver back everything in the same state in which it was when taken possession of by him, making, however, the necessary allowance for wear and tear and for unavoidable accidents."
Article 2720:
"If no inventory has been made, the lessee is presumed to have received the thing in good order, and he must return it in the same state, with the exceptions contained in the preceding article."
Article 2721:
"The lessee is only liable for the injuries and losses sustained through his own fault."
These articles have been interpreted as placing on the lessee the burden of proving that injuries occurred or loss was sustained by other than his own fault. We find that Pogue-Atkins, because of the fault of its agent Caples, has failed to exculpate itself and as a consequence is liable to Hislop.
Caples, who had been given general authority by Mr. Atkins to arrange for the return of the backhoe and trencher, had known Everette Boyte for a number of years. The testimony reflects Caples had borrowed equipment and parts from Boyte in the past. Boyte testified Caples approached him in an effort to borrow a truck and trailer to move some equipment from Jonesboro to West Monroe. Boyte said he told Caples he would have the type of truck and trailer he needed within a few days. However, before agreeing to let him have the equipment he inquired of Caples whether he was securing the truck and trailer for himself or someone else. Upon being assured that Caples needed the truck for himself, he agreed to let him have it.
Caples gives a different version, stating he told Boyte he needed the truck and trailer to move some equipment for Pogue-Atkins. Caples also said he did not borrow the truck but agreed to pay Boyte $40 per day for its use. It is uncontradicted that no statement was ever sent to Caples or Pogue-Atkins for the use of of the truck and trailer and no payment was made for its use. We conclude, as did the lower court, that the arrangement was a gratuitous loan.
We further find that Boyte instructed one of his employees, Patrick, to take the truck and trailer and meet Caples at an agreed place. Patrick was told that he was to use the truck and trailer to move some equipment for Caples and that he, Patrick, was to do whatever he was told to do by Caples. Pursuant to these instructions, Patrick met Caples and they went to the job site in Jonesboro. Caples drove the backhoe and trencher machines from the ground onto the "low boy" trailer. The backhoe *812 was equipped with a crane-type front-end loader and Caples adjusted this portion of the backhoe so as to form as low a profile as possible. The two men left the job site with Patrick driving the truck hauling the equipment and Caples following in a pickup truck.
On the return trip to West Monroe Patrick and Caples stopped at Chatham, Louisiana, where they drank coffee. On suggestion from Patrick it was understood that he would take a route where the highway passed under a railroad trestle at Cheniere, Louisiana. While Caples denies he had anything to do with selecting this route, he admits hearing Patrick say this was the way he intended to go. Both Patrick and Caples testified they knew about the overpass at Cheniere and knew the approximate clearance. Patrick left Chatham first with the truck and loaded trailer, followed a few moments thereafter by Caples in the pickup. Caples caught up with Patrick's truck and followed it closely for several miles before reaching the trestle. Because of the height of the load on the trailer, the backhoe struck the trestle practically demolishing Hislop's backhoe and the truck-trailer belonging to Boyte.
From the facts enumerated herein we agree with the lower court that the accident was caused by the joint negligence of Caples and Patrick. Caples loaded the equipment onto the trailer and adjusted the crane on the backhoe; both he and Patrick observed the height but made no effort to measure it. Both parties secured the equipment to the trailer. After it was determined the route would necessitate passing under the railroad trestle, they were both negligent in not realizing or ascertaining the load was too high to clear the trestle. Patrick testified that he was driving 25 or 30 miles per hour as he neared the trestle; that the trailer seemed to be bouncing as the truck-trailer reached the overpass; that if he had been driving more slowly, in low gear, the trailer might not have bounced and the accident might not have occurred. We agree with the trial judge that it would be pure speculation to say that the speed of the truck had any causal connection with the accident.
We also agree with the finding of the lower court that Patrick, at the time of the accident, was the borrowed servant of Boyte. The borrowed servant doctrine has become firmly entrenched in the jurisprudence of Louisiana. In his written reasons for judgment the district judge relied on the general rules established in Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137 (1951), as applied in Richardson v. Tate (La.App. 4th Cir. 1972; writs refused 1973) 269 So.2d 278 and McCutchen v. Fruge (La.App. 3d Cir. 1961) 132 So.2d 917. Both Richardson and McCutchen appear to extend or enlarge the rule as set forth in Benoit by holding that where an employee is loaned to another and the borrowing employer either assumes control over the employee or has the right to control the actions of the employee, the worker becomes the borrowed servant or employee of the employer to whom he has been assigned. Applying the above legal principles to this case we find Boyte, by his words and actions "loaned" Patrick, together with his truck and trailer, to Caples for the ill-fated trip which resulted in the property damage made the basis of this suit.
Additionally, we find Caples had the right to direct and supervise every phase of the moving operation and exercised all of the authority over Patrick that normally exists between an employer and an employee. The only element of the employer-employee relationship existing between Boyte and Patrick on the day of the accident was that Patrick was being paid by Boyte and the truck-trailer was owned by Boyte.
We conclude Pogue-Atkins is not entitled to recover against Boyte because the *813 damage was caused by the joint negligence of its employee, Caples, and its borrowed employee, Patrick.
Next for consideration is the question raised by Boyte in his reconventional demand to the third party demand of Pogue-Atkins. By this reconventional demand Boyte sought damages against Pogue-Atkins and its employee Caples for damages to the truck and trailer. On appeal Pogue-Atkins and Caples contend Boyte should not have been allowed to recover damages which were caused by Patrick, since Patrick was a general employee of Boyte at the time of the collision. There is no doubt the general employer is not liable for damages to a third party caused by the negligence of one of its employees who has been loaned to another. Although the question of whether the general employer should recover from the borrowing employer for damage to the former's equipment caused or contributed to by the negligence of the borrowed servant presents an interesting question, it is not necessary for us to decide this question. Since the claim by Boyte against Pogue-Atkins and Caples was raised by way of a reconventional demand, and the special defense of the contributory negligence of Patrick or Boyte was not pleaded, the award under the reconventional demand was clearly correct. (See Louisiana Code of Civil Procedure Article 1005)
Last for consideration is the question of whether Boyte presented sufficient evidence upon which the lower court could award damages for the truck and trailer. There were numerous witnesses who testified as the the value of the equipment before and after the accident. We have carefully analyzed this evidence and find the lower court, as reflected by its written opinion, correctly fixed the quantum.
For the reasons assigned the judgment appealed from is affirmed at appellants' cost.